BAILEY v. WILLIAM LYNCH'S SONS, Inc.

(Supreme Court, Appellate Term. March 5, 1909.)

CORPORATIONS (§ 519*)—LIABILITY FOR TORT OF OFFICER—EVIDENCE.

    Evidence in an action to hold a corporation liable for the tortious act of its officer *held* insufficient; it being necessary that there be clear, affirmative, or strong circumstantial evidence that he was acting in the scope of his authority while engaged in its business.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 519.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Harry Bailey against William Lynch's Sons, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Millard H. Ellison, for appellant.
William A. Sweetser, for respondent.

PER CURIAM. Plaintiff hired the premises 624 West Fifty-Fifth street from Jane Lynch some time during 1906 as a monthly tenant. In February, 1908, defendant corporation was organized. On July, 8, 1908, plaintiff paid rent for the month ending August 1, 1908, for which a receipt was given, signed, "William Lynch's Sons, Inc., per M." (a bookkeeper). The complaint alleges that Garry Lynch, for the defendant, about July 29, 1908, had general supervision of said premises, and while acting within the scope of his authority maliciously destroyed property of plaintiff in the premises, to plaintiff's damage $200. The answer was a general denial. The property so injured (as to which there is no dispute) consisted of office partitions placed in the premises by plaintiff and about to be removed by him to another place, which had been hired. Garry Lynch was arrested and held for disorderly conduct. The damages found were reasonably proved and were not excessive.

Defendant claims a failure to show its liability for the acts of Garry Lynch, and that it was not the agent of Jane Lynch, the conceded owner of the premises. Garry Lynch was treasurer, and Ross Lynch was president, of defendant. With the exception of the receipt for rent in evidence, there was no proof that defendant had any relation to these premises. Speculatively there was an inference that Mrs. Lynch rented them to the defendant, to whom plaintiff attorned; and plaintiff argues that as objection was made by defendant's officers to the removal by him of this property, and its retention after its destruction by Garry Lynch, the landlordism of defendant is established, and it is therefore bound by the tortious act of its representative and treasurer. During the trial testimony was given showing that Garry Lynch had written plaintiff, forbidding the removal of the property; but the letter was not placed in evidence, and whether from the corporation or from Lynch individually does not appear. Plaintiff took the letter to Ross Lynch, "the president," who said:

"He did not know that Garry had authority to write it, but that he would interview his mother, and let me know Monday or Tuesday whether there was any objection to me moving out."

On Monday, July 31st, plaintiff tendered the key to Garry Lynch, who said:

"There is my mother. I said, 'Mrs. Lynch, here is the key of the office;' and they never said a word about taking the stuff out."

To hold a corporation for the illegal act of its representative, there must be clear, affirmative, or strong circumstantial evidence that the latter is acting within the scope of his authority while engaged in the business of the corporation. This record is insufficient for such a conclusion as to the acts of Garry Lynch, and thus, irrespective of any other question presented, the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.